HORACE ONION v. NATHANIEL FULLERTON.

A defendant, who has been discharged upon his plea of bankruptcy, is a competent witness for the plaintiff, in the same case, against his co-defendant, unless interested ; and it makes no difference, that the plaintiff consented to his discharge.

Where the action, in such case, was for money had and received, and the defendant, who was called as a witness by the plaintiff, after having been discharged upon his plea in bankruptcy, testified, that he had been in partnership with his co-defendant, and that, at the request of his co-defendant, he borrowed of the plaintiff, for the use of the firm, the money which the plaintiff claimed to recover in this action, and that he informed the plaintiff, at the time, that he was obtaining the money for the firm, it was held, that this disclosed no interest in the witness,-which should exclude his testimony from the consideration of the jury.

ASSUMPSIT for money had and received and money paid. Plea, the general issue, and trial by jury, March Term, 1845,—HEBARD, J., presiding.

The action was originally brought against the defendant and one Albert Onion, as partners. On trial, the plaintiff offered Albert Onion as a witness; to whose admission the defendant objected. The plaintiff then produced Albert Onion's discharge in bankruptcy, and also the docket minutes of the court, by which it appeared, that he had been discharged from the suit, upon his plea in bankruptcy, at a former term of the court. The defendant still objected to the admission of the witness; but the objection was overruled by the court.

The testimony of Albert Onion tended to prove, that, in the years 1838 and 1839, he was in partnership with the defendant in the manufacture of cotton warps; that about the first of May, 1839, and while they thus remained partners, they had partnership payments to make, and among the rest was a note, which was given for the mill, in which they carried on their business, and which was a debt for the partnership to pay, although the deed was taken to them in their individual capacities, and not as partners, and the note was signed by them with their individual names, and not as partners; that about the first of May, 1839, at the request of the defendant, he

borrowed of the plaintiff $195, which was applied and paid out for the partnership, either in payment of the note given for the mill, or of other debts of the firm; and that he borrowed the money, at the time, upon the credit of the firm. There was testimony in the case, which tended to prove that the plaintiff was informed, when the money was borrowed, that it was wanted for the purpose of paying the note given for the mill.

The defendant offered to prove, that, when Albert Onion filed his plea of bankruptcy in this suit, the plaintiff consented to his discharge upon the plea; to which testimony the plaintiff objected, and it was excluded by the court.

The defendant requested the court to charge the jury, that, if they found that the money was borrowed for the purpose of paying the note given for the mill, and that that fact was known to the plaintiff at the time, he could not recover in this action,—which was brought against Fullerton and Albert Onion, as partners. But the court charged the jury, that the plaintiff would be entitled to recover, if they found that the money was lent on the credit and for the use of the firm; and that, if the money was borrowed to pay the note given for the mill, it would make no difference, provided they should find that it was the duty of the firm to pay that note.

The jury returned a verdict for the plaintiff. Exceptions by defendant.

*L. Adams, Stoughton & Person* and *Tracy & Converse* for defendant. Albert Onion was improperly admitted as a witness. The case shows, that he received all the money demanded in this suit; and there was evidence tending to show that the plaintiff was informed, at the time of lending the money, that it was wanted for the purpose of paying the note given for the mill. It therefore became necessary for the jury, under the charge of the court, to find the existence of the partnership, and that it was the duty of the partners to pay that note in their partnership capacity.

We insist, then, that the effect of the testimony is, to throw upon the defendant one half of the debt; Collyer on Part. 460, n.; 1 Cow. & H. Notes 111; 2 Ib. 1520, 1549, 1554. 13 Pick. 125–128; 6 Gill & J. 358. Even an agent, when he is *prima facie* liable, is not a witness for the plaintiff; 4 Day 60; 4 Mass. 653; 8 Cow. 60;

25 Wend. 456.   The discharge in bankruptcy does not render him competent; he still has an interest to increase the fund in the hands of his assignee, and cannot be admitted, unless proper releases are executed; 1 Cow. & H. Notes 112, 136, 144, 145; 4 Phil. Ev. 353; 2 B. & C. 14; 1 Cowp. 70; 6 Bing. 306; *Ripley* v. *Thompson*, 12 Moore 55; 22 E. C. L. 433; Owen on Bank. 272, 273; 3 D. & R. 215; 2 T. R. 496.

The court erred in rejecting the evidence offered by the defendant, to show that the plaintiff consented to have the witness discharged on his plea in bankruptcy; 3 C. & P. 372; 1 Cow. & H. Notes 145.

*Richardson & Nicholson* for plaintiff.

1.   We might insist, that the witness Onion had a right to waive his privilege and testify, if called by the plaintiff, even if he had not been discharged by the previous proceedings in the case; *Mordan* v. *Williams*, 1 Taunt. 377; *Fenn* v. *Granger*, 3 Camp. 177; *Worrell* v. *Jones*, 7 Bing. 395; 1 Phil. Ev. 149; *Coles et al.* v. *Whiteman et al.*, 10 Conn. 121.   But it is perfectly clear, that, there having been a previous judgment in the case in his favor, upon a plea of bankruptcy, he ceased to have any interest in the suit, and was a competent witness for the plaintiff; *Willing et al.* v. *Consequa*, 1 Pet. R. 307; *Doe d. Hanop* v. *Green*, 4 Esp. R. 198; *Mc Iver* v. *Humble*, 16 East. 171; 3 Stark. Ev. 1063; and whether the judgment was by consent or by compulsion is wholly immaterial.

The opinion of the court was delivered by

DAVIS, J.   Since the severance of Albert Onion from this suit in consequence of his discharge and certificate in bankruptcy, no obstacle exists to his admission as a witness for the plaintiff, unless on the ground of interest.   The alleged consent of the plaintiff to the severance under the plea is of no consequence.   The plea being regular and true, as is to be presumed, he could not well do otherwise than consent.

It is urged on the part of the defendant, that the witness, by charging Fullerton as a co-partner, relieves the surplus fund in the hands of the assignee from one half the amount of this debt, whereas it would otherwise be chargeable with the whole.   The argument

assumes the liability of the witness for the whole debt, unless a partnership be established, so as to throw half of it upon the defendant. It is a sufficient answer to this argument, that, so far as the case shows, when the objection was taken, no such liability appeared. For aught that appears by the exceptions, Albert Onion was the first and only witness, on whom the plaintiff relied to prove his whole case. His interest was manifestly adverse to the facts sought to be proved, because the surplus fund, if any, might become chargeable for one half the amount, which the defendant should be called upon to pay in debt and costs. No preliminary inquiries under the *voir dire* were made, in order to lay a foundation for the objection, and no facts were shewn *aliunde*, tending to the same result. Considering the time and manner of raising the objection, it was necessary to determine it, irrespective altogether of the purport of the witness' testimony, as subsequently delivered. In this point of view, the decision of the county court, in admitting him to testify, was clearly right.

It might have been presented in a different form; that is, after the testimony had been given in, the defendant might have requested the court to instruct the jury to lay his testimony out of the case, on the ground, that, taking it all together he had placed himself in the attitude of an interested witness. This is the proper course, whenever the objection rests upon the facts disclosed by the narrative given, and not upon such as exist independently of it. Had the objection been thus presented, it would have admitted of a different consideration; but, on full examination, we are satisfied, that the result must have been the same. Taking the story of the witness as the criterion, it does not, on the face of it, shew him to have been interested in the result it tended to produce.

In this aspect it is supposed that the case of *Ripley* v. *Thompson* 12 Moore 55, is an authority for the exclusion of the testimony. One Gray had purchased horses of the plaintiff, for which he gave his own individual notes, saying nothing about the other defendants being interested in the purchase. Gray becoming insolvent, the plaintiff being apprised that Thompson was interested with Gray, sued the former in an action for goods sold and delivered, as if no notes had been given. Gray was not made a co-defendant, and was offered as a witness for the plaintiff, to prove the above facts, and was decided to be inadmissible. The case is widely different from

Onion *v.* Fullerton.

the present. Here, I apprehend, as credit was solely given to Gray, the giving the notes would be regarded as payment, so that no action could be maintained against Thompson,—unless, indeed, there were fraud or collusion. At all events, Gray was solely liable on his notes for the whole debt, and he sought, by his testimony, to transfer a portion of that *onus* to the defendant.

*Blacket* v. *Weir*, 5 B. & C. 385, [11 E. C. L. 257,] is a case directly in point for the decision made below. There, Gilson, who was called as a witness, admitted, on the *voir dire*, that he was a partner with the defendant; and the four judges of the King's Bench agreed that he was a competent witness for the plaintiff. 2 C. & P. 305. A similar decision was made at *nisi prius* a few years before, Bailey, J., presiding; *Cossham* v. *Goldney et al.*, 2 Stark. R. 413. See *Hudson* v. *Robinson*, 4 M. & S. 476; *Bauerman* v. *Radenius*, 7 T. R. 663. In *Lockhart* v. *Graham*, 1 Str. 35, in an action on a joint and several bond, a co-obligor, not sued, was held to be a competent witness, to prove the execution of the bond by the defendant.

The circumstance stated by the witness, that *he* actually borrowed the money, though, as he says, on the credit of the partnership, makes no distinction, in principle, between the present case and those cited. Taking the whole story of the witness together, as we should do, there is no *prima facie* sole liability,—as in *Ripley* v. *Thompson ;* of course the witness stood precisely in the same predicament, as those in the above cases. It may, nevertheless, be true, in point of fact, that, in all these cases, except when written documents shew the reverse, the witnesses alone entered into the contracts and then falsely attempted to transfer a portion of the responsibility upon others. If so, it would furnish no sufficient reason to exclude them, inasmuch as the judgments, in the suits in which they testify, would not shield them, in subsequent suits, from responsibility for money paid, &c., for the whole amount, to those persons thus wrongfully compelled to discharge debts not contracted by them. The first judgments, being *inter alios*, could not be used to defeat, or limit, recoveries in the second suits. This is the view taken of the question in 1 Phil. Ev. 60. Both Bailey, J., and Holroyd, J., in *Blacket* v. *Weir*, viewed the subject in the same light. Starkie concurs in the same views; 2 Stark. Ev. 5; Ib. 783. These considerations are decisive of the precise question here.

41

In one contingency, indeed, the testimony should go to the jury, under such instructions as would probably insure a verdict for the defendant, unless the plaintiff could bring other evidence to his aid. The jury might see reason to credit the witness in one part of his story, and not in another; they might therefore believe he borrowed the money, and informed the plaintiff that the defendant was a partner with him, and that the money was to be applied to partnership use,—but they might believe that these last circumstances were mere fabrications, without any foundation. Had any suggestions of that kind been made on trial, or had the counsel for the defendant specially called for instructions in reference to a contingency of that nature, it would have been error in the county court to have withheld such instructions. The case does not show, that any such suggestion, or request, was made.

The testimony of the witness Onion was therefore properly admitted to go to the jury, and there was no occasion for instructions to disregard it, from the attitude, in respect to the parties, in which it placed the witness, nor on account of the possible occurrence of the contingency alluded to.

The judgment of the county court is therefore affirmed.